IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GEORGANNE HUBER, :

    Plaintiff,

                        Case No. 3:24-cv-331

    v.                       :     Judge Walter H. Rice

DARKE CNTY., OHIO,
COURT OF COMMON              Mag. Judge Peter B. Silvain, Jr.
PLEAS, *et al.*,,                :

    Defendants.

---

DECISION AND ENTRY SUSTAINING MOTION TO DISMISS OF
DEFENDANTS DARKE COUNTY, OHIO, COURT OF COMMON PLEAS
(DOC. #11) AND OVERRULING AS MOOT MOTION TO DISMISS OF
DEFENDANT TIFFANY WHEELER (DOC. #12); PLAINTIFF
GEORGANNE HUBER'S COMPLAINT (DOC. #1) IS DISMISSED WITH
PREJUDICE AS TO THE DARKE COUNTY COURT AND, AS TO ALL
OTHER DEFENDANTS, WITHOUT PREJUDICE TO REFILING CLAIM
ONE IN A FEDERAL COURT OF COMPETENT JURISDICTION IF
PLAINTIFF RECEIVES AN UNFAVORABLE FINAL ORDER FROM THE
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, IF CLAIM CAN
STILL BE TIMELY FILED, AND WITHOUT PREJUDICE TO REFILING
CLAIM TWO IN A STATE COURT OF COMPETENT JURISDICTION;
TERMINATION ENTRY

---

    Before the Court are the Motions to Dismiss of Defendants Darke County,

Ohio, Court of Common Pleas ("Darke County Court") (Doc. #11) and Tiffany

Wheeler (Doc. #12). For the reasons set forth below, Defendant Darke County

Court's Motion is SUSTAINED, and Defendant Wheeler's Motion is OVERRULED

AS MOOT. Plaintiff Georganne Huber's Complaint (Doc. #1) is DISMISSED WITH

PREJUDICE as to the Darke County Court, and DISMISSED WITHOUT PREJUDICE to refiling in a court of competent jurisdiction as to all other Defendants.

## I.   **Factual Background and Procedural History**

As Defendants' Motions arise under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff worked as a Magistrate for the Darke County Court from May 3, 2016, until, at the age of forty-three, she was terminated by Judge Travis L. Fliehman on March 3, 2023. (Doc. #1, PAGEID 2, 3, ¶¶ 8, 11). Judge Fliehman took the bench on January 1, 2023, and shortly thereafter, began requiring Wheeler to "follow Plaintiff around to observe her and report back to him." (*Id.* at PAGEID 6, ¶ 21). On February 27, 2023, Plaintiff angered Judge Fliehman by "explain[ing] that he had been 'judge shopped'" into signing an attorney-drafted judgment entry that violated the Ohio Civil Rules. (*Id.* at PAGEID 4, ¶ 14). Judge Fliehman had never observed Plaintiff in her work as a Magistrate; nonetheless, during a March 1, 2023, meeting, Judge Fliehman provided several alleged reasons for Plaintiff's termination, which would become effective two days later. "Plaintiff advised Judge Fliehman that the allegations were inaccurate and requested a copy of the documents he was using in the meeting, but Judge Fliehman refused to provide it." (*Id.* at PAGEID 3, ¶¶ 12-13).

Judge Fliehman replaced Plaintiff with Defendant Magistrate Brittany Johns, who was thirty years old at the time of her appointment. (Doc. #1, PAGEID 2, ¶ 9). Plaintiff alleges that Judge Fliehman's decision was the product of an

2

influence campaign by his wife, Defendant Kelly Fliehman ("Mrs. Fliehman"), and Magistrate Johns. (*Id.* at PAGEID 4-5, ¶¶ 17-18). Plaintiff further claims that at least one of the reasons upon which Judge Fliehman relied was a story fabricated by Wheeler. (*Id.* at PAGEID 6, ¶ 21). On December 19, 2024, Plaintiff filed suit in this Court, alleging against all Defendants violations of the Age Discrimination in Employment Act of 1967 ("ADEA," Claim One). (*Id.* at PAGEID 6-7, ¶¶ 22-27, citing 29 U.S.C. §§ 621-634). She also raises an Ohio state law claim of Tortious Interference with an Employment Relationship against Wheeler, Magistrate Johns, and Mrs. Fliehman (Claim Two). (*Id.* at PAGEID 7-8, ¶¶ 28-35).

On February 14, 2025, the Darke County Court and Wheeler each moved to dismiss. Because the Darke County Court's Motion disposes of the entire case, the Court only analyzes that Motion. The Darke County Court argues that dismissal is appropriate because it is not *sui juris*, and that "as a personal staff member and confidential/ policymaking appointee of Judge Fliehman, Huber does not satisfy the definition of 'employee' entitling her to relief under the ADEA." (Doc. #11, PAGEID 40-41, quoting FED.R.CIV.P. 17(b)(3); citing *Malone v. Court of Common Pleas of Cuyahoga Cnty.*, 45 Ohio St. 2d 245, 248 (1976)). The Darke County Court also notes that the ADEA specifically exempts certain public officials "or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policymaking level or an immediate advisor with respect to the exercise of the constitutional or legal powers of the office." (Doc. #11, PAGEID 42-43, quoting 29 U.S.C. § 630(f)). The Darke County Court argues that, because: (a)

3

the United States Court of Appeals for the Sixth Circuit has held that a magistrate for an Ohio Court of Common Pleas is a "policy-making appointee and therefore 'not an employee under Title VII'" of the Civil Rights Act of 1964, and (b) the "policymaking exceptions" in Title VII and the ADEA are interpreted identically, Plaintiff should be considered a policy-making appointee without a cause of action under the ADEA. (*Id.* at PAGEID 43-44, quoting *Birch v. Cuyahoga Cnty. Probate Court*, 392 F.3d 151, 160 (6th Cir. 2004); *Mumford v. Basinski*, 105 F.3d 264, 272 (6th Cir. 1997); *Montgomery v. Brookshire*, 34 F.3d 291, 294 (5th Cir. 1994); citing 29 U.S.C. § 630(f); 42 U.S.C. § 2000e(f); *Birch*, 392 F.3d at 161). Specifically, the Darke County Court claims the Sixth Circuit has held that, under Ohio law, a magistrate, "by discharging his 'inherent duties,' 'effectively makes policy for, or suggests policy to, the court[.]'" (*Id.* at PAGEID 45, quoting *Mumford*, 105 F.3d at 272). Consequently, the Darke County Court argues that, both because it is not *sui juris* and Plaintiff's ADEA claim is foreclosed as a matter of law, the Darke County Court should be dismissed from the suit completely. (*Id.* at PAGEID 46).

Plaintiff concedes that the Darke County Court is not *sui juris*, and expresses "willing[ness] to amend the name of the employer Defendant to Judge Travis Fliehman." (Memo. in Opp., Doc. #18, PAGEID 70 n.1). Plaintiff also concedes that she must seek relief not under the ADEA, but the Government Employee Rights Act of 1991 ("GERA"), 42 U.S.C. § 2000e-16a *et seq.* (*Id.* at PAGEID 70, 71-72). Under the GERA, a government employee must file a complaint with the Equal Employment Opportunity Commission ("EEOC"). If the

4

EEOC issues an unfavorable final order, then an employee may seek limited judicial review. 5 U.S.C. §§ 554-57; 42 U.S.C. § 2000e-16c(c). Plaintiff notes that in *Dyer v. Radcliffe*, this Court dismissed a government employee's ADEA claim without prejudice so that the employee could "refile his EEOC complaint to allege properly a GERA violation and to obtain the proper administrative relief under GERA[,]" and requests that the Court similarly dismiss her age discrimination claim against the Darke County Court or Judge Fliehman without prejudice to allow her to exhaust her claim with the EEOC. (*Id.* at PAGEID 71-72, quoting *Dyer*, 169 F. Supp. 2d 770, 775 (S.D. Ohio 2001) (Sargus, J.)).

In reply, the Darke County Court asserts that the ADEA claim should be dismissed with prejudice, since any EEOC final order would be appealed to the Sixth Circuit and, thus, there is no circumstance under which this Court could have jurisdiction. (Doc. #19, PAGEID 74-75, quoting *Fischer v. N.Y. State Dep't of Law*, 812 F.3d 268, 279 (2d Cir. 2016); *Kelley v. City of Albuquerque*, 542 F.3d 802, 808 n.4 (10th Cir. 2008); *Banks v. First Judicial Dist.*, 544 F. App'x 79, 80-81 (3d Cir. 2013); *Crain v. Butler*, 419 F. Supp. 2d 785, 788 (E.D.N.C. 2005)). As to Claim Two, the Darke County Court argues that, because the ADEA claim must be dismissed, this Court should decline to exercise supplemental jurisdiction over the sole remaining claim for tortious interference, and dismiss that claim without prejudice to refiling in the state court. (*Id.* at PAGEID 75, quoting 28 U.S.C. § 1367(c)(3); *Castelvetere v. Messer*, 611 F. App'x 250, 256 (6th Cir. 2015)).

## II. Applicable Law

Rule 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party "has the burden of showing that the opposing party has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.*

Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by well-pleaded factual allegations . . . [that] plausibly give rise to an entitlement of relief." *Id.* at 679. "Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. Analysis

#### A. Claim One: ADEA

Plaintiff and the Darke County Court agree that Claim One is not properly before this Court and should be dismissed. (Doc. #18, PAGEID 71-72; Doc. #19, PAGEID 73). However, while Plaintiff argues that the dismissal should be without prejudice (Doc. #18, PAGEID 70-71, quoting *Dyer*, 169 F. Supp. 2d at 775-76), the Darke County Court argues that "because [Plaintiff] lacks standing under the ADEA, the ADEA claim itself should be dismissed *with* prejudice, which would not impact her ability to pursue any GERA claim." (Doc. #19, PAGEID 75 (emphasis in original).

As to the Darke County Court itself, "[t]he Sixth Circuit has held that the 'Ohio common pleas court is not a segment of county government, but an arm of

the state for purposes of . . . Eleventh Amendment immunity analys[e]s.'" *Dyer*, 169 F. Supp. 2d at 776, quoting *Mumford*, 105 F.3d at 269. Moreover, because the Supreme Court has held that, as to private citizen suits, "the ADEA does not validly abrogate the States' sovereign immunity," *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91-92 (2000)[1], Claim One must be dismissed with prejudice as to the Darke County Court.

Moreover, as conceded by Plaintiff *supra*, she does not have standing to bring an ADEA claim against the other Defendants. Rather, her only relief lies through the GERA, which provides that an individual, such as Plaintiff, "may file a complaint alleging a violation, not later than 180 days after the occurrence of the alleged violation, with the Equal Employment Opportunity Commission, which . . . shall determine whether a violation has occurred and shall set forth its determination in a final order." 42 U.S.C. § 2000e-16c(b)(1). "Any party aggrieved by a final order under subsection (b) may obtain a review of such order under chapter 158 of Title 28." 42 U.S.C. § 2000e-16c(c). In *Dyer*, the district court dismissed the claim without prejudice because it determined that the plaintiff had filed a timely EEOC charge, and that because "the EEOC failed to determine that the charge should have been brought under GERA, principles of equity apply to toll the running of the statute of limitations on his GERA claim." 169 F. Supp. 2d

---

[1] In a non-precedential opinion, the Sixth Circuit held that states were not immune from suit under the ADEA when brought by a federal agency. *E.E.O.C. v. Kentucky Retirement Sys.*, 16 F. App'x 443, 447-48 (6th Cir. 2001). However, the panel conceded that *Kimel* still barred suits brought by private individuals. *Id.* at 446-47.

8

at 775. Here, Plaintiff alleges that she received "a notice of right to sue . . . on September 23, 2024[,]" (Doc. #1, PAGEID 2, ¶ 6), meaning that her Complaint was filed within the ninety-day time limit after receiving the EEOC's dismissal notice. 42 U.S.C. § 2000e-5(f)(1). However, there is no indication from the Complaint or any other materials as to whether Plaintiff timely filed her ADEA charge with the EEOC.

As the Court does not know whether a GERA charge would be time-barred, the Court DISMISSES Claim One WITHOUT PREJUDICE as to the rest of the Defendants, so that Plaintiff has the opportunity to bring the appropriate charge. If Plaintiff receives an unfavorable final order, then she may file a GERA claim in a federal court of competent jurisdiction, if such a charge can be filed with the EEOC within the appropriate time period.[2] However, Plaintiff's concession that she was not a covered employee under the ADEA (Doc. #18, PAGEID 70, 72) means that any renewed ADEA claim would be dismissed for lack of standing.

### B. Claim Two

With Claim One under the ADEA having been dismissed, the only matter remaining before the Court is Plaintiff's Claim Two, an Ohio state law claim for Tortious Interference with Employment Relationship against Defendants Johns,

---

[2] Although the Court need not reach the issue in this case of which court, the undersigned notes that, while the Sixth Circuit has not opined on the issue, the Darke County Court is correct that other circuit courts examining the issue have held that an employee must appeal an EEOC final order on a GERA charge directly to the court of appeals. (Doc. #19, PAGEID 74, citing *Fischer*, 812 F.3d at 279; *Kelley*, 542 F.3d at 808 n.4; *Banks*, 544 F. App'x at 80-81; *see also DePriest v. Milligan*, No. 4:12-cv-00235, 2015 WL 151092, at *10 (E.D. Ark. Jan. 12, 2015), *aff'd*, 823 F.3d 1179 (8th Cir. 2016) (same)).

9

Wheeler, and Mrs. Fliehman. (Doc. #1, PAGEID 7-8, ¶¶ 28-35). "The district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). The decision whether to continue to exercise supplemental jurisdiction, even when all federal claims are dismissed, is within this Court's discretion. *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). Generally, however, "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *Utd. Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). As the parties are still very early in the case, principles of comity and fairness, along with avoiding needless adjudications of state law questions, weigh heavily in favor of the Court declining to continue to exercise supplemental jurisdiction. Accordingly, Claim Two is DISMISSED WITHOUT PREJUDICE to refiling in a state court of competent jurisdiction.

## IV. Conclusion

For the foregoing reasons, Defendant Darke County Court's Motion to Dismiss (Doc. #11) is SUSTAINED, and Defendant Wheeler's Motion (Doc. #12) is OVERRULED AS MOOT. Claim One under the ADEA is DISMISSED WITH PREJUDICE as to the Darke County Court and, as to all other Defendants, DISMISSED WITHOUT PREJUDICE to refiling in a federal court of competent jurisdiction if Plaintiff obtains an unfavorable final order from the EEOC on a GERA charge. Claim Two is DISMISSED WITHOUT PREJUDICE to refiling in a state court of competent jurisdiction, as the Court declines to continue to exercise

supplemental jurisdiction over that state law claim with the sole federal claim having been dismissed.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

May 15, 2025

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT